967 So.2d 456 (2007)
L.T., a minor child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 4D07-1047.
District Court of Appeal of Florida, Fourth District.
November 7, 2007.
Kathleen K. Peña, Legal Aid of Broward County, Plantation, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Jeffrey P. Bassett, Assistant *457 Attorney General, Fort Lauderdale, for appellee.
Patricia M. Propheter, Orlando, for Guardian ad Litem Program.
SHAHOOD, C.J.
L.T., a dependent child, is appealing a final order of involuntary commitment to a residential treatment facility. An evidentiary hearing was conducted on the issue. L.T. was present via phone and represented by her attorney ad litem who was present at the hearing. L.T. claims that it was error to conduct the hearing without her physical presence and, as a result, she was not able to participate in the hearing in a meaningful way. We disagree.
In a hearing on the placement of a child into a residential treatment center, "[t]he child shall be present at the hearing unless the court determines pursuant to subdivision (c) that a court appearance is not in the child's best interest." Fla. R. Juv. P. 8.350(a)(10). Subdivision (c) provides:
The child shall be present at all court hearings unless the court finds that the child's mental or physical condition is such that a court appearance is not in the child's best interest. In such circumstances, the child shall be provided the opportunity to express his or her views to the court by a method deemed appropriate by the court.
Fla. R. Juv. P. 8.350(c).
Prior to the hearing L.T. was involuntarily placed at the Pavilion, a psychiatric facility, after a recent Baker Act[1] proceeding. She has been identified as having a mental illness and has a history of running from placement. At the hearing, L.T., via telephone, requested to be present in court for the hearing. The lower court denied the request, explaining:
At this point in  I understand that, but at this point in time, she is Baker Acted. I can't change the time of this hearing. She's going to be released over the weekend and needs a place to be placed. She is a runner.
At this point, they had considered her to be a danger to herself and others, and she's looking at a placement in an RTC, which previously she objected to and didn't want to go to.
For her safety and the safety of the public, she is present by phone. She is represented by counsel. She has a guardian ad litem here, and I'm prepared to go forward with this hearing.
We hold that the lower court properly concluded that the child's physical appearance at the hearing was not in the child's best interest.
L.T. also argues that her due process rights were violated by not being able to participate meaningfully in the hearing. However, the record demonstrates that L.T. was provided several opportunities to speak privately with counsel, including during the suitability evaluator's testimony.
Based on the foregoing, we hold L.T. did have meaningful opportunity to be heard at the hearing.
Affirmed.
WARNER and STEVENSON, JJ., concur.
NOTES
[1] Under chapter 394, Florida Statutes (2007), entitled "The Florida Mental Health Act" or "The Baker Act," a person may be placed in involuntary inpatient placement upon a finding that there is a substantial likelihood that the person will inflict serious bodily harm on themself or another person.